We will now turn to the last case on the calendar, 20-3835, United States v. Damon Chappelle. Let's see, we have Mr. Fiddleman. Yes, Your Honor. And you would like to reserve two minutes for rebuttal, is that right? Yes, thank you. Please proceed. May it please the Court, Jacob Fiddleman for the United States. I represent the government on this appeal. The district court erred in striking down part of the sentencing guidelines definition of crime of violence. The court's decision was directly contrary to the controlling precedent from this court, and in any event was wrong on the merits. So this panel should reverse the district court's decision, vacate the judgment, and remand for resentencing. May I ask you very politely, why are you here? Look, in this case, the district court was clearly trying to give a certain sentence to this particular person. You also have the problem of every court of appeals to address it has said that Hobbs Act robbery is not a crime of violence. This was not argued below, because it wasn't, but is being argued here. So that the most that you would get from us is to say we will not consider this, which every other court has said, because there's some suggestion possibly that we might do different, causing a tremendous risk. Send it back to the district court, which we know will say that, given what is said before, and then we simply come back up. This is a case where you could have, in judgment, simply left it alone, because you're not the Department of Prosecution. You work for the Department of Justice. It's a perfectly sensible decision below. Leave it alone. I mean, I may be, you know, talking broadly, but judgment can be used. That's certainly right, Your Honor, and the government does exercise its judgment and discussion in choosing which appeals to pursue. In this case, Your Honor, the district court's decision is remarkably broad and will have substantial impact.